Rebecca Winterscheidt (*pro hac vice*)
Paul S. Prior (Nevada Bar No. 9324)
Ashley Kasarjian (*pro hac vice*)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone (702) 784-5200
Facsimile (702) 784-5252
Email: rwinterscheidt@swlaw.com
Email: sprior@swlaw.com
Email: akasarjian@swlaw.com

Attorneys for Defendant
CHW NEVADA IMAGING COMPANY, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DONNA HILL, AN INDIVIDUAL; NORA OGANESIAN, AN INDIVIDUAL, <br><br> Plaintiff, <br><br> vs. <br><br> CHW NEVADA IMAGING COMPANY, LLC, a Nevada Limited Liability Company; DOES and ROES 1-100; inclusive <br><br> Defendants. | CASE NO.: 2:11-cv-01006-KJD-CHW <br><br> **PROTECTIVE ORDER** |

Pursuant to the Stipulation of the parties for a protective order regarding the protection and use of confidential documents in this action and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. Any party may determine in good faith that any information provided in this action constitutes confidential or sensitive information ("Confidential Information"), and such Confidential Information may be so designated by (1) affixing a "Confidential" or "Confidential – Attorneys' Eyes Only" stamp thereto, or (2) having the party who claims the information to be confidential provide to all other parties a list of documents to be designated "Confidential Information." If a party challenges such designation, it shall send or give notice to the designating party, and they shall attempt to resolve the challenge in good faith. If the challenge

cannot be expeditiously resolved by agreement, either the designating party or the challenging party may apply for appropriate ruling(s) from the Court. The designated information shall continue to be treated as confidential, unless and until the Court orders otherwise.

2. All personnel information, including but not limited to information contained in personnel files related to individuals employed by CHW Nevada Imaging Company, LLC, and all documents containing patient identifying information and/or patient diagnostic information, constitutes Confidential Information, whether or not designated as such by affixing a "Confidential" stamp thereto.

3. Any and all Confidential Information will be kept confidential and shall be used by the parties only for the purpose of the litigation of this action and not for other purposes unrelated to this litigation. The parties agree that any document containing Confidential Information (or any copy thereof, or any notes or memoranda of any kind which contain such information) will not leave the possession of the parties, their counsel, or any experts specifically retained for this matter other than as provided for in this Protective Order.

A. Items designated as "Confidential" shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Protective Order. If the duplicating process by which copies or reproductions of items designated as "Confidential" are made does not preserve the confidentiality designation that appears on the original document, all such copies or reproductions shall be stamped "Confidential."

B. Before any person is given access to items deemed "Confidential Information," the individual shall first read this Protective Order and sign and date a declaration substantially in the form attached as Exhibit A. A copy of this declaration shall be held by the party or counsel of record for the party who is disclosing the Confidential Information.

/ / /

/ / /

/ / /

  C. Counsel for the parties to whom Confidential Information has been furnished shall be responsible for restricting disclosures in accordance with the provisions of this Protective Order.

  4. Any document produced by the parties which contains Confidential Information, as noted in the Protective Order, that is filed with the Court in this action will be filed under seal in accordance with the Rules of Practice and/or Civil Procedure of the United States District Court for the District of Nevada, unless consented to in writing by the designating party.

  5. The parties shall not supply Confidential Information to anyone other than: (A) legal counsel for the parties and their staff; (B) such officers, directors, employees, expert witnesses, or pre-trial consultants of the parties as may be necessary to provide assistance in this action; (C) the Court and Court personnel; (D) any other person to whom the designating party agrees in writing; (E) persons employed by or affiliated with the producing person; (F) court reporters employed in connection with this action; or (G) as may be required by law.

  7 Confidential Information may be offered into evidence in depositions, at trial or offered in any hearing subject to procedures to be established by the parties and the Court to govern the use and protection of such information. When Confidential Information is contained or incorporated in a deposition or transcript, the court reporter shall separately designate those exhibits or reference as "Confidential."

  8. The provisions of this Protective Order shall not terminate at the conclusion of this action. Within 60 days after the final determination of this action and any appeals thereafter, each party will certify in writing that all documents designated "Confidential" by the opposing party have been destroyed including all documents provided to experts and third parties pursuant to this agreement other than trial transcripts and trial exhibits admitted into evidence. Counsel for the parties shall ensure that all parties or persons that received Confidential Information, including witnesses, deponents, consultants and all others who received Confidential Information shall certify compliance with this section and deliver such certification to counsel for the party that produced the Confidential Information not more than 60 days after the final conclusion of this action.

9. The provisions of this Protective Order may be modified only by order of the Court. Any party or third party is free to request such modification.

10. The entry of the Protective Order does not preclude any party from seeking civil damages for the disclosure and/or dissemination of Confidential Information, nor does it entitle any party to an award for civil damages absent a showing of actual damages by the party seeking damages.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: November 3, 2011

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DONNA HILL, AN INDIVIDUAL; NORA OGANESIAN, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>CHW NEVADA IMAGING COMPANY, LLC, a Nevada Limited Liability Company; DOES and ROES 1-100; inclusive,<br><br>Defendants. | No. CV 11-01511-PHX-GMS |

**<u>CONSENT TO BE BOUND BY PROTECTIVE ORDER</u>**

I hereby certify that I have read the Protective Order entered in this case and agree to be bound by it. I also to agree to voluntarily submit to the personal jurisdiction of this Court for purposes of enforcement of the above-specified Protective Order and the imposition of any sanctions for contempt.

_____          _____
Date                                                                  (Print Name)

                                                                            _____
                                                                            Signature

13947948

- 5 -